**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Jose Alfredo Alvarez-Alvarez,<br><br>Defendant. | No. CR10-0849-PHX-DGC<br><br>**ORDER** |

On August 4, 2010, Defendant Alvarez plead guilty to a violation of 8 U.S.C. § 1326(a), reentry of a removed alien, with a sentencing enhancement under § 1326(b)(1). Doc. 28. Defendant has filed a motion to reduce his October 25, 2010 sentence (Doc. 27) in light of Amendment 6 to the U.S. Sentencing Guidelines. Doc. 31. Defendant's counsel has filed notice that he does not have a good faith basis for making the motion requested by Defendant. Doc. 32. The Court will deny the motion.

Amendment 6 modified U.S.S.G. § 2L1.2(b)(1), which previously provided for an enhancement of 16 or 12 levels for certain prior felony convictions, regardless of whether the prior convictions received criminal history points under Chapter 4. Effective November 1, 2011, Amendment 6 reduced the enhancement to 12 or 8 levels, respectively, if the prior conviction did not receive criminal history points.

Amendment 6 was a substantive change to the Sentencing Guidelines, not a clarifying change, and therefore does not apply retroactively to Defendant's sentence. *See United States v. Lopez-Solis*, 447 F.3d 1201, 1204 (9th Cir. 2006) ("Typically, we

apply clarifying but not substantive amendments retroactively."); *United States v. Marler*, 527 F.3d 874, 878, n.1 (9th Cir. 2008). Under Ninth Circuit precedent, this Court does not have discretion to amend Defendant's sentence to comport with Amendment 6. The Court will accordingly deny Defendant's request to appoint counsel.

**IT IS ORDERED** that Defendant's motion to reduce his sentence (Doc. 31) is **denied**.

Dated this 23rd day of February, 2012.

David G. Campbell
United States District Judge